**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Robert SCRIVENER, d/b/a A A Electric Company, Respondent.**

**No. 20305.**

United States Court of Appeals, Eighth Circuit.

Jan. 6, 1971.

Rehearing Denied and Rehearing En Banc Denied Feb. 26, 1971.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul J. Spielberg, Stephen J. Solomon, Attys., N. L. R. B., Washington, D. C., for petitioner.

Donald W. Jones, Church, Prewitt, Jones, Wilson & Karchmer, Springfield, Mo., for respondent.

Before MEHAFFY and HEANEY, Circuit Judges, and MEREDITH, District Judge.

PER CURIAM.

The National Labor Relations Board petitions this Court for enforcement of an order against Robert Scrivener, d/b/a A A Electric Company. The Board's decision is reported at 177 N.L.R.B. No. 65, 71 L.R.R.M. 1595 (1969).

The Board found that the Company violated Sections 8(a) (4) and (1) of the National Labor Relations Act by discharging three employees for having met, and having given a written sworn statement to, a Board field examiner investigating unfair labor practice charges filed against Scrivener. The Board dismissed other charges alleging that Scrivener had violated Sections 8(a) (1), (3) and (5) of the Act, giving as a reason that Scrivener's operation did not meet the Board's discretionary jurisdictional standards.

The principal question raised on this appeal is whether Section 8(a) (4) of the Act, which makes it an unfair labor practice for an employer "to discharge * * * an employee because *he has filed charges or given testimony under this [Act]*" is to be construed to encompass discharge of employees for giving written sworn statements to Board field examiners. This Court stated in N.L.R.B. v. Ritchie Mfg. Co., 354 F.2d 90 (8th Cir. 1966), that "We are reluctant to hold that § 8(a) (4) can be extended to cover preliminary preparations for giving testimony." This reluctance continues. We are particularly hesitant to overrule or distinguish *Ritchie* in a case where the Board's jurisdiction to act is marginal. Compare, Hoover Design Corporation v. N.L.R.B., 402 F.2d 987 (6th Cir. 1968); King Radio Corp. v. N.L.R.B., 398 F.2d 14 (10th Cir. 1968); Oil City Brass Works v. N.L.R.B., 357 F.2d 466 (5th Cir. 1966).

The National Labor Relations Board suggests that if we are unwilling to overrule or distinguish *Ritchie,* we can accomplish the same result by upholding the Board's finding that the discharges complained of violated Section 8(a) (1) as well as Section 8(a) (4) of the Act.

We are unwilling to take this course. To do so would be to overrule *Ritchie* implicitly, and we are not prepared to take that action.

We decline to enforce the order of the Board.